IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIOLET O'NEILL | : | CIVIL ACTION |
| v. | : | |
| GEICO INSURANCE COMPANY | : | NO. 12-65 |

FILED

FEB - 8 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

Bartle, J.                                                         February 8, 2012

     Plaintiff Violet O'Neill commenced this action for a declaratory judgment against defendant GEICO Insurance Company in the Court of Common Pleas of Delaware County. Defendant timely removed the action based on diversity of citizenship of the parties and the requisite amount in controversy under 28 U.S.C. § 1332(a). Pending before the court is the motion of plaintiff to remand to the state court.

     Plaintiff alleges she suffered bodily injuries as a result of the negligence of the operator of an underinsured motor vehicle. She maintains that she is an insured under her son's policy with GEICO because she resides with him and is therefore a "household member" under the terms of the policy.

     Plaintiff seeks a declaration that she is an "insured" as defined under the GEICO policy and is entitled to recover underinsured motorist benefits. While there is no dispute that this court has subject matter jurisdiction, plaintiff urges the

court to exercise its discretion not to decide the matter because the relief sought is a declaratory judgment.[1]

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in relevant part that a court "may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought ...." At least under certain circumstances, a federal court has discretion whether or not to hear such an action, even though it possesses subject matter jurisdiction.

In <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995), the Supreme Court held that a district court had discretion, which it did not abuse, in declining to decide a declaratory judgment action where the matter involved only state law and a parallel action was pending in the state court. The Supreme Court specifically refrained from determining the boundaries of a court's discretion to refrain from hearing a declaratory judgment case where issues of federal law are involved or where parallel state proceedings are absent. <u>Id.</u> at 289-90.

Our Court of Appeals thereafter had occasion to consider the court's discretion in <u>State Auto Insurance Companies v. Summy</u>, 234 F.3d 131 (3d Cir. 2000). Initially, a state court action had been filed on behalf of a child against a landlord in which it was alleged that the child had been poisoned by lead

---

1. Defendant has filed an answer with a counterclaim. The counterclaim requests the court to declare that O'Neill is not an insured under its policy and is not entitled to recover underinsured motorist benefits.

-2-

paint in the house. The landlord notified its insurance carrier which declined coverage. The insurer then commenced a declaratory judgment action in federal court. Shortly thereafter, the landlord initiated a declaratory judgment action against the insurer in the state court. The federal court denied the landlord's motion to dismiss or stay the declaratory judgment action before it and ultimately granted the insurer's motion for summary judgment. The landlord appealed.

The Court of Appeals reversed and remanded with directions to the district court to dismiss the action. The court held that the district judge had abused his discretion in proceeding to resolve the federal action when the state court had related cases before it.

The Court noted that there are a number of relevant considerations in deciding whether to hear a declaratory judgment action:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;

3. Avoidance of duplicative litigation.

State Auto, 234 F.3d at 134. The Court further explained that precedents "counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." Id. at 135.

In Summy, there were not only unsettled issues of state law but also parallel state proceedings. The district court's involvement, the Court of Appeals observed, was contrary to the interest of judicial economy and the need to avoid "duplicative and piecemeal litigation." Id.

More recently, the Court of Appeals, in Atlantic Mutual Insurance Co. v. Gula, 84 Fed. Appx. 173, 2003 WL 22962947 (3d Cir. 2003), affirmed the decision of a district judge in exercising his discretion not to hear a declaratory judgment action involving the state law question whether the plaintiff insurance company had a duty to defend its insured in an underlying lawsuit brought by the Gulas. In that case, parallel actions were pending in the state court.

Unlike Wilton, Summy, and Gula, there are no parallel state proceedings here so that any concern about judicial economy is absent. Moreover, the issue whether plaintiff is a member of her son's household does not appear to involve a close or unsettled issue of Pennsylvania law. We see no reason why this court should exercise its discretion not to decide this action over which it has subject matter jurisdiction. But see Dixon v. Progressive N. Ins. Co., No. 08-1010, 2008 U.S. Dist. LEXIS 65594 (W.D. Pa. Aug. 27, 2008).

Accordingly, the motion of plaintiff to remand this action to the Court of Common Pleas of Delaware County will be denied.