```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIOLET O'NEILL                    :        CIVIL ACTION
                                  :
          v.                      :
                                  :
GEICO INSURANCE COMPANY           :        NO. 12-65
```

MEMORANDUM

Bartle, J.                                            August 30, 2012

       Plaintiff Violet O'Neill commenced this action for a declaratory judgment against defendant GEICO Insurance Company under 28 U.S.C. § 2201 for underinsured motorists coverage as a result of injuries she suffered during a motor vehicle accident. Plaintiff seeks a declaration that she is a member of her son's "household," and therefore is an "insured" as defined in her son's insurance policy with defendant. If she is an insured, she would be eligible to recover underinsured motorists benefits under the policy. Defendant has counterclaimed, seeking a declaration that plaintiff is not a member of her son's household and therefore not insured under his policy. Before the court are the motion of defendant for summary judgment and the cross-motion of plaintiff for summary judgment.[1]

---

1. Plaintiff filed a cross-motion for summary judgment in lieu of filing an opposition to the motion of defendant for summary judgment.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 676 F.3d 318, 323 (3d Cir. 2012). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable jury to find for the plaintiff. Id. at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252. We view the facts and draw all inferences in favor of the non-moving party. Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).

II.

The following facts are undisputed. On July 14, 2010, plaintiff was injured during a motor vehicle accident involving an underinsured motorist. At the time of the accident, plaintiff's son, James F. O'Neill, was the named insured on policy #0305-47-54-02, issued by defendant. The policy includes certain coverages for injuries caused by underinsured motorists.

For the purposes of this portion of coverage, the policy's definition of "insured" includes any "household member" of the named insured.  The policy defines "household member" as, among other things, "a person residing in your household who is ... [a] relative."

Plaintiff and her son both reside at 35 East Wayne Avenue, Aldan, Pennsylvania.  The residence in question is a large dwelling with three floors and three entrances.  The building is divided into two residential units:  one on the first floor, and one on the second and third floors.  Each residential unit has its own kitchen, bathroom, and at least one bedroom.  An entrance at the front of the house provides ingress to the foyer, where there is a staircase leading to the upper two floors.  The side and back entrances provide ingress directly to the first floor.  The door between the first and second floors can be locked so that admittance requires a key.

Plaintiff has resided at this address for over 68 years.  She originally resided on the two upper floors with her husband, while her mother-in-law resided on the first floor. After her mother-in-law died, plaintiff and her husband moved to the first floor and began renting out the upper floors.

Plaintiff's son resided with his parents until the age of 25, when he moved out of state.  Plaintiff's husband died in 1998.  Prior to his death, plaintiff's husband requested that their son move back into the house, assume ownership, and take care of his mother.

In 2000, plaintiff transferred title of the house to her son, who was still residing outside of Pennsylvania. The deed gives plaintiff the right to stay in the house. Despite the transfer of title, plaintiff continued to collect and keep rent from those renting the upper two floors.

In 2007, plaintiff's son, with his wife and daughter, moved into the upper floors. They did so in order to fulfill the son's commitment he made to his father to support his elderly mother. Plaintiff has never paid rent to her son or entered into a leasing arrangement to remain on the premises either before or after her son and his family began to live on the upper floors.

Plaintiff's son made no additional renovations to the upstairs kitchen or living room. According to plaintiff, renovations to merge the living quarters would be cost-prohibitive. The second and third floors are furnished with belongings of plaintiff's son and his wife, and of the previous tenant. The furniture on the first floor belongs to the plaintiff.

The utility companies provide separate electric and gas bills for the plaintiff and her son, although the services are not cleanly divided between the levels. For example, the electric bill for the lower floor includes circuits that service portions of the second floor in addition to the first floor. Plaintiff contends that combining the utility bills would be cost-prohibitive. Plaintiff has her own telephone line and her

own cable service.  There is no land-line service to the upper floors, as plaintiff's son and his wife use cellular telephones.

The house has only one mailing address.  The county, borough, and school tax bills are not divided, and are paid by plaintiff's son, as is the homeowner's insurance policy that covers the entire residence.  There is no renter's insurance policy.

All residents of the dwelling can use all three entrances and enjoy access to the entire house, including the basement laundry room, porches, and yards.  Plaintiff's physical condition has prevented frequent travel to the upper floors.  Before the accident, plaintiff was dependant upon her son and daughter-in-law to take her shopping, to church, and to the doctor.  Plaintiff's son makes any necessary repairs and renovations within the building.

Plaintiff generally prepares and eats her own meals separate from those of her son and his wife.  The chores and cleaning in plaintiff's apartment are mostly done by her son and daughter-in-law.  On at least two occasions between 2008 and 2010, plaintiff and her son have had family gatherings on the second floor and in the yard.

Finally, contemporaneous hospital records from the time of the accident state in several places that plaintiff "lives alone" or "at home alone" on the first floor, with her son living on the second floor.

III.

We now consider whether the uncontested facts establish as a matter of law that the plaintiff is or is not a member of her son's household within the meaning of the policy issued by defendant to James O'Neill.

Under Pennsylvania law, a household is defined by more than just the roof under which one hangs her hat. As expressed by the Third Circuit,

> [T]o occupy a home means to be able to call that place one's own, to claim it as a place where one has a right to be. The word home itself connotes a place where one belongs and can always go with the certainty that he will be taken in. It connotes not only a physical place, i.e. the place where one eats meals, sleeps, socializes and generally spends time when not "otherwise engaged with the activities of life," but a sense of belonging.

Nationwide Mut. Ins. Co. v. Budd-Baldwin, 947 F.2d 1098, 1102 (3d Cir. 1991).

The essential inquiry is whether the family members operate as a single social unit and whether the claimant is "treated as one would expect a member of the household to be treated." Id., 947 F.2d at 1102. If family members comprise "separate domestic establishments, each having its own head and separate management," they are not members of the same household. Hoff v. Hoff, 1 A.2d 506, 508 (Pa. Super. Ct. 1938); see also Teetsel v. Nationwide Mut. Ins. Co., 37 Pa. D. & C.2d 246, 249 (Com. Pl. 1965). The term "household" does not include "one who, though related and living in the same home, maintains a separate

apartment therein and divides the expense of maintenance." Donegal Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 546 A.2d 1212, 1216 (Pa. Super. Ct. 1988).

Many aspects of the living arrangement are taken into account when determining whether family members share the same household.  For example, we consider whether rent was paid, whether meals were eaten separately, whether mail was received together, where personal possessions were kept, and whether the claimant had a key to the premises.  Budd-Baldwin, 947 F.2d at 1102; see also Drake v. Donegal Mut. Ins. Co., 422 F. Supp. 272, 272-73 (W.D. Pa. 1976).  We inquire who buys groceries and who cooks meals.  Prudential Prop. & Cas. Ins. Co. v. Epstein, No. 03-4276, 2005 WL 639731 at *1 (E.D. Pa. Mar. 16, 2005).  A court must weigh who does housework, who pays household expenses, and if there was overlap in use of facilities.  In re Niedzielski's Estate, 4 Pa. D. & C.2d 290, 292, 293 (Orph. 1956).  Another factor concerns who cares for the children, and, if the structure shows signs of division, we investigate the use of separate entrances and the frequency and ease of access between the portions.  Boezi v. Erie Ins. Grp., 72 Pa. D. & C.4th 319, 322-24 (Com. Pl. 2005).

In Hoff, 1 A.2d at 508, the court found that a husband and wife were not "resident relatives" of the husband's parents. Although both couples resided in the same dwelling, which was not divided into separate apartments, the couples divided the bills and ate their meals separately.  Id. at 506-08.  Household work

-7-

was performed in exchange for rent, and therefore the family members operated as two independent units.  Id. at 506-08.

Conversely, in Boezi v. Erie Insurance Group, a son was found to be a member of his mother's household for purposes of underinsured motorists coverage.  72 Pa. D. & C.4th at 339.  The son and his wife and children inhabited one half of a side-by-side duplex, while the son's mother inhabited the other half.  Id. at 322-23.  Although there were separate entrances, mailing addresses, and utility bills, the property was purchased jointly, and the family shared duties, chores, and meals.  Id. at 322-25.  Most importantly, the court found that the living arrangement provided a "sense of belonging" to family members.  Id. at 337.

The circumstances of the case at bar are factually similar to those in Hoff, 1 A.2d 506-08.  Although living under the same roof, plaintiff inhabits a separate apartment from her son.  See State Farm, 546 A.2d at 1216; Drake, 422 F. Supp. at 272-73.  The two households have separate kitchens, bathrooms, and bedrooms.  They make use of separate entrances and maintain separate utility services.

More important than the placement of doors and the receipt of mail is the fact that plaintiff and her son do not function as a single social unit.  Unlike the family in Boezi, 72 Pa. D. & C.4th at 322-23, plaintiff does not access the upper floors without invitation.  Although the residents share mailing address and laundry facilities, and do not exchange rent, plaintiff and her son dine separately and do not socialize on a

frequent basis. Plaintiff buys her own groceries and cooks her own meals. This does not indicate that plaintiff was treated "as one would expect a member of the household to be treated." Budd-Baldwin, 947 F.2d at 1102.

Plaintiff's independence remains much as it was during the years the upper floors of the house were rented. Significantly, as evidenced in the hospital records after the accident, plaintiff admitted that she lives alone. The undisputed facts clearly establish that plaintiff and her son are operating "separate domestic establishments." Hoff, 1 A.2d 508.

Plaintiff does not reside in the same household as her son within the meaning of the insurance policy issued by defendant and is therefore ineligible to receive underinsured motorists benefits under that policy. Accordingly, the court will grant the motion of defendant for summary judgment and deny the motion of plaintiff for summary judgment.